UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO,

                              Petitioner,

-against-

CF 43 HOTEL, LLC; 250 WEST 43 OWNER LLC; 250 WEST 43 OWNER II LLC; 250 WEST 43 OWNER III LLC, d/b/a CARTER HOTEL,

                              Respondents.

Civil Action No.

**PETITION TO CONFIRM ARBITRATION AWARDS**

---

Petitioner New York Hotel & Motel Trades Council, AFL-CIO ("Union"), by its attorneys, Pitta & Giblin LLP, as and for its Petition, alleges as follows:

1. The Union brings this action against CF 43 Hotel, LLC, 250 West 43 Owner LLC, 250 West 43 Owner II LLC, 250 West 43 Owner III LLC, d/b/a Carter Hotel ("Carter" or the "Hotel"), to confirm arbitration awards 2015-37 and 2015-38, dated and affirmed on July 3, 2015 (collectively, the "Awards"), directing compliance with a request for information ("RFI").[1] The Awards draw their essence from the parties' collective bargaining agreement and its expansive arbitration clause, there are no valid grounds to vacate the Awards, and the Hotel has refused to comply with the Awards. Accordingly, the Petition to confirm the Awards should be granted.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action to confirm labor arbitration awards pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

---

[1] Award 2015-37 is an "Award" ordering the Hotel to comply with the Union's RFI. Ex. A (Award 2015-37). Award 2015-38 is a "Decision and Award," wherein Chairperson Drogin explains the basis for Award 2015-37, and reiterates his order from Award 2015-37 that the Hotel comply with the RFI. Ex. B (Award 2015-38).

{00619624.DOC}                                            1

3. Venue properly lies in this District because the Union and the Hotel maintain their principal places of business in this District and the underlying events giving rise to the Awards occurred in this District.

## THE PARTIES

4. The Union is an unincorporated labor organization as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which maintains offices at 707 Eighth Avenue, New York, New York 10036.

5. CF 43 Hotel, LLC, 250 West 43 Owner LLC, 250 West 43 Owner II LLC, and 250 West 43 Owner III LLC are affiliated entities that, as owners, operators, and/or managers of the Hotel, all entered certain labor agreements with the Union on behalf of and doing business as the Hotel. The Hotel and Respondents are "employers" as defined in Section 2(2) of the LMRA, 29 U.S.C. § 152(2), employing non-managerial workers represented by the Union for the purposes of collective bargaining.

## STATEMENT OF CLAIM FOR RELIEF

### The IWA and Relevant Contractual Provisions

6. For decades, the Union has negotiated the basic terms and conditions of employment for many of the employees it represents in the regional hotel industry with an employer bargaining group organized as a subset of the Hotel Association of New York City, Inc. ("Hotel Association"), through successive collective bargaining agreements known as the Industry Wide Agreement ("IWA").

7. The IWA contains the broadest possible arbitration clause. The IWA grievance and arbitration provisions, Article 26, mandate in no uncertain terms that all possible disputes

between the Union and a hotel be submitted to arbitration before the Office of the Impartial Chairperson ("OIC"), a permanent panel of industry-expert arbitrators:

> 26. (A) *All complaints, disputes or grievances arising between the parties hereto* involving questions or interpretation or application of any clause of this Agreement, *or any acts, conduct or relations between the parties, directly or indirectly*, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto. *Any questions regarding arbitrability, substantive, procedural, or otherwise, or regarding the Impartial Chairperson's jurisdiction or authority, shall be submitted to the Impartial Chairperson in accordance with this Article.*

Ex. C (IWA), at Art. 26 (emphasis added).

      8.     Article 59 of the IWA sets forth the IWA's Successors and Assigns clause:

> (A) This Agreement shall be binding upon the successors and assigns of the parties hereto, and no provisions, terms, or obligations herein contained shall be affected, modified, altered, or changed in any respect whatsoever by any change of any kind in the legal status, ownership, or management of either party hereto. Any successor EMPLOYER shall assume all of the obligations under this Agreement of the prior operator of the hotel or concession to the employees, the UNION or any of the funds to which EMPLOYERS are required to contribute hereunder.

Ex. C (IWA), at Art. 59. Succeeding paragraphs of Article 59 set forth implementation of Paragraph (A), including assumption of the IWA in an assumption agreement entered by the successor employer.

      9.     Article 60 and Addendum IV of the IWA ("Art. 60/Add. IV") set out the methods by which the Union may organize employees. Ex. A (IWA), at Art. 60/Add. IV. Art. 60/Add. IV provide a court-approved alternative to formal elections before the National Labor Relations Board ("NLRB")—namely, through card check neutrality—by which the employer and the Union can determine whether or not employees wish to be represented by the Union, free of labor strife, with guaranteed respect for the employees' legal right to choose.

**The Carter Hotel**

10. The Union has represented the Hotel's employees with successive employers for decades pursuant to the IWA.

11. In an agreement dated August 21, 2014, CF 43 Hotel, LLC agreed to purchase the Hotel.

12. On December 12, 2014, CF 43 Hotel, LLC signed an assumption agreement ("December Assumption Agreement") with the Union as part of its purchase of the Hotel. In that agreement, the Hotel expressly re-adopted the IWA. Ex. B (Award 2015-38), at 3 & December Assumption Agreement, attached thereto.

13. One month later, in January 2015, CF 43 Hotel, LLC assigned its interest in the Hotel to its three affiliated entities: 250 West 43 Owner LLC; 250 West 43 Owner II LLC; and 250 West 43 Owner III LLC. Ex. D (January Assumption Agreement); Ex. B (Award 2015-38), at 3. Each entity signed the January Assumption Agreement. Ex. D (January Assumption Agreement). The Hotel again expressly re-adopted the IWA in the January Assumption Agreement. *Id.*

**Awards 2015-37 and 2015-38**

14. On April 9, 2015, the Union sent a request for information ("RFI"), to the Hotel seeking information about the Hotel and its affiliates in accordance with the IWA. Ex. B (Award 2015-38), at 1, 4, and attached thereto. The Hotel failed to provide the information requested.

15. On May 13, 2015, the Union filed a grievance requesting arbitration pursuant to the IWA. Ex. E (Demand for Arbitration). The Union submitted its request to the OIC, the IWA's designated arbitral body. *Id.*; Ex. C (IWA), at Art. 26. The issue submitted to the OIC

cited the Hotel's failure and refusal to provide information requested pursuant to the Union's RFI. Ex. E (Demand for Arbitration).

16. Following due notice, Chairperson Ira Drogin held an arbitration hearing on June 11, 2015. The Union and the Hotel appeared at the hearing and presented documentary and testimonial evidence. Ex. B (Award 2015-38), at 1. On June 19, 2015, the Union and the Hotel each submitted written post-hearing briefs to the OIC. *Id.* at 1.

17. Chairperson Drogin, having examined all the arguments, evidence, proofs, and documents submitted, and after due deliberation having come to a decision, duly rendered his Decision and Award on July 3, 2015, finding that the Hotel violated the IWA by failing to comply with the Union's RFI. *Id.*; Ex. A (Award 2015-37), at 1. Chairperson Drogin noted that the Hotel received the Union's RFI on April 9, 2015, and that "the Hotel did nothing to provide any of the information requested." Ex. B (Award 2015-38), at 1. He found that the Hotel's blatant failure to respond to the RFI was an "attempt to impede the Union's exercise of its contractual rights[,] . . . under the Assumption Agreement and the IWA, which clearly binds the Hotel." *Id.* at 4. Therefore, because the items requested in the RFI "are clearly relevant to the Union's collective bargaining rights and duties under the aforementioned IWA provisions" and "clearly meet the standards of relevance applied by the NLRB and the Courts[,]" the Hotel's failure to comply with the RFI violated the IWA. *Id.* at 5.

18. To remedy this violation of the IWA, Chairperson Drogin ordered the "Hotel to comply with the RFI within ten (10) days from July 3, 2015"—the date of the Awards. *Id.* at 4-5; Ex. A (Award 2015-37), at 1.

19. The Awards were served upon counsel to the Hotel and counsel to the Union via email by the OIC on July 3, 2015. Ex. F (Notice of Awards).

### The Hotel Fails to Comply with the Awards

20. To date, though duly demanded, the Hotel has failed and refused, and continues to refuse, to comply with the Awards.

21. The Awards have not been vacated by order of any court of competent jurisdiction and are still in full force and effect.

22. The Awards draw their essence from the IWA as fully set forth by the arbitrator in the Awards.

23. There is no basis in law, fact, or equity to vacate the Awards.

24. No prior application for the relief requested herein has been made to this or any other court or judge.

WHEREFORE, the Union respectfully requests an Order be made and entered:

a. confirming the Awards of Chairperson Ira Drogin, Nos. 2015-37 and 2015-38 dated and affirmed on July 3, 2015, and ordering compliance therewith;

b. granting Petitioner its attorney's fees, costs, and disbursements; and

c. granting such other equitable and further relief as this Court may deem just and proper.

Dated: New York, New York
July 1, 2016

PITTA & GIBLIN LLP
*Attorneys for Petitioner*

By: _____
Barry N. Saltzman
Danya Ahmed
120 Broadway, 28th Floor
New York, New York 10271
(212) 652-3890 (phone)
(212) 652-3891 (fax)
bsaltzman@pittagiblin.com
dahmed@pittagiblin.com